USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _1/8/2026_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NELSON MORA,

                                    Plaintiff,

            -against-

DUFOUR PASTRY KITCHENS INC. and CARLA
KRASNER,

                                    Defendants.

25-CV-07792 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

This is an FLSA action involving allegations that Defendants failed to pay Plaintiff overtime or compensation for breaks. *See* Dkt. No. 1. Plaintiff is represented by C.K. Lee of the Lee Litigation Group, PLLC. Defendants are represented by several lawyers from the law firm Moses & Singer LLP (hereinafter "M&S").

On December 24, 2025, Mr. Lee moved to disqualify M&S and compel Defendants to retain new counsel within thirty days. Dkt. No. 18. He alleges that an attorney from M&S was responsible for managing and interpreting his trust and estate documents. This relationship creates a conflict of interest, he argues, because both he and Defendants are represented by M&S. Therefore, "[t]he defense firm now represents parties whose interests are directly adverse to those of my client in this litigation." *Id.* at 2. Mr. Lee also argues that M&S may "possess confidential information about [his] legal judgments, strategies, and approach to cases." *Id.* at 3.

The Court ordered Defendants to file a responsive letter indicating whether a conflict of interest exists under New York Rule of Professional Conduct 1.7, what screening procedures M&S uses, and any other relevant facts. Dkt. No. 19.

Defendants' responsive letter states that "Mr. Lee is not a current client of M&S," which "rendered its last services to Mr. Lee five years ago." Dkt. No. 20 at 2. It also states: "All of the lawyers who performed services for Mr. Lee–all of which were estate planning services–have either left the Firm or are 'senior counsel' and are substantially retired." *Id.* And it informs the Court that M&S uses an electronic screening procedure that prevents M&S attorneys involved in this case from accessing files concerning services rendered to Mr. Lee. *Id.* at 1.

A court has inherent authority to disqualify an attorney under its "inherent power to preserve the integrity of the adversary process." *Hempstead Video, Inc. v. Incorporated Village of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005). Examining local ethical rules often assists in determining whether to exercise that authority, but the "primary concern is with the integrity of the adversary process, not the enforcement of the ethical rules." *American Intern. Grp., Inc. v. Bank of America Corp.*, 827 F. Supp. 2d 341, 345 (S.D.N.Y. 2011). Regardless, a court closely scrutinizes motions to disqualify "because of their potential to be used for tactical purposes."

*Murray v. Metropolitan Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009). Given that "[d]isqualification is disfavored in this Circuit . . .[,] the party seeking it must meet a high standard of proof before it is granted." *American Intern. Grp., Inc.*, 827 F. Supp. 2d at 345. This disfavored remedy is usually appropriate in one of only two circumstances: (1) a conflict of interest exists that "undermines the court's confidence in the vigor of the attorney's representation;" or (2) "where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation." *Babal v. Rensselaer Polytechnic Inst.*, 916 F.2d 764–65 (2d Cir. 1990).

Mr. Lee has fallen woefully short of showing that disqualification is appropriate or necessary. As an initial matter, there is no conflict of interest because M&S is not representing two clients with adverse interests. M&S represented Mr. Lee, and M&S represents Defendants. Defendants' interests are adverse to Mr. Lee's client (Plaintiff), not Mr. Lee himself.[1] Furthermore, the scope of M&S's representation of Mr. Lee is completely different from the scope of its representation of Defendants. And it seems beyond speculative that—by virtue of advising Mr. Lee about his trust and estate documents over five years ago—M&S somehow acquired "confidential information" relating to Mr. Lee's "legal judgments, strategies, and approach[es] to cases" that it could somehow leverage to gain an unfair advantage in **this** matter, which was filed just a few months ago. Dkt. No. 18 at 3. It is difficult to imagine any circumstance in which advice on structuring an estate or estate-planning vehicles would involve disclosure of an attorney's legal strategy in a particular case, and in any event Mr. Lee has not received services from M&S in years. Even if Mr. Lee had discussed with his estate planning attorney his general approach to cases as part of describing the structure of his law firm or his compensation, that is not the sort of information that would give an attorney litigating against him an unwarranted advantage in a particular case. Certainly Mr. Lee has not proffered any reason or argument to support this assertion. Moreover, "M&S has already installed an electronic ethical wall that prevents the M&S attorneys acting in this case from electronically accessing any of the files from the former representation of Mr. Lee," and the particular lawyers who may have worked on his representation have either left the firm or are no longer engaged in the active practice of law. Dkt. No. 20 at 1.

For the foregoing reasons, the motion to disqualify M&S and compel Defendants to seek new counsel is DENIED. The Clerk of Court is respectfully directed to terminate Dkt. No. 18.

Dated: January 8, 2026
      New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

---

[1] Even if this was somehow a conflict of interest, it would do nothing to undermine the Court's confidence in the vigor of both Mr. Lee and M&S's representations, and the Court would still deny the motion. *Babal*, 916 F.2d at 764–65.

2